■  In the Matter of LOUIS BURNSIDE, Petitioner, v ANTHONY J. SARVAIDO, as Deputy Commissioner of Public Safety of the City of Mount Vernon, et al., Respondents.—Determination of the respondent Deputy Commissioner of Public Safety of the City of Mount Vernon, dated September 22, 1978, confirmed and proceeding dismissed on the merits, without costs or disbursements (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.

■  In the Matter of CLUB 4223, INC., Doing Business as THE IDLE HOUR, et al., Petitioners, v EDWARD J. McLAUGHLIN et al., Constituting the State Liquor Authority, Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the State Liquor Authority, dated September 22, 1978, which, after a hearing, revoked petitioners' license, imposed a $1,000 bond claim and placed a two-year proscription against the licensing of the premises. Petition granted to the extent that the determination is annulled, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remanded to the respondents for a new hearing in accordance herewith. The respondent authority charged the petitioners with allowing a lewd and indecent dancer to perform at the club which had a special on-premises liquor license. The alleged indecent act was witnessed by three police officers, who also arrested the dancer for prostitution. It was perfectly reasonable for the petitioners to assume that the three officers would be called by the respondents to testify at the hearing. Nevertheless, only one of the officers was called by the authority. At the completion of the officer's cross-examination, counsel for petitioners, when he learned for the first time that the authority did not intend to call the other two officers, requested a continuance so that he could subpoena them. The request was denied. It was error to deny petitioners' application. In view of the severity of the charges and the potential for the drastic punishment of license revocation if the charges were sustained, petitioners should have been afforded every reasonable opportunity to examine and possibly impeach all of the key witnesses to the alleged incident. The requested continuance was, under all of the circumstances, reasonable and proper. The refusal to grant a short adjournment thus constituted an abuse of discretion and resulted in the denial of a full and fair hearing. Accordingly, the determination must be annulled and the matter remanded to the authority for a new hearing, at which petitioners will have the opportunity of examining all of the police officers who were in the bar on the night in question. Titone, J. P., Suozzi, O'Connor, Lazer and Gulotta, JJ., concur.

■  In the Matter of ANDREW J. ELD, Respondent, v THOMAS J. WOHLRAB, as Police Commissioner of the City of Newburgh Police Department, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review so much of the determination of the Police Commissioner of the City of Newburgh as, upon finding petitioner guilty of certain charges, demoted him from the position of sergeant to patrolman, respondents appeal from a judgment of the Supreme Court, Orange County, dated May 9, 1978, which (1) granted the petition, (2) restored petitioner to his former position of sergeant, and (3) confirmed the recommendation of the hearing officer as to disciplinary punishment, i.e., one week's suspension without pay on each of two charges. Judgment affirmed, without costs or disbursements. We agree with Special Term that the penalty of demotion was, in the circumstances of this case, so disproportionate to the offense as to shock one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Titone, J. P., Suozzi, O'Connor and Lazer, JJ., concur.